UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| CHRISTINE SCHWINN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 6:20-cv-426 |
| | ) |
| F&M CAPITAL LLC; and HARRIS HILL CONSULTING GROUP INC., | ) ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, CHRISTINE SCHWINN, by and through her attorneys, Agruss Law Firm, LLC, alleges the following against Defendants, F&M CAPITAL LLC and HARRIS HILL CONSULTING GROUP INC. (hereinafter "F&M" and "Harris Hill" respectively and "Defendants" collectively):

## INTRODUCTION

1. Counts I and III of Plaintiff's Complaint are based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

2. Counts II and IV of Plaintiff's Complaint are based on the Texas Debt Collection Act, Tex. Fin. Code Ann. § 392, et seq. ("TDCA").

## JURISDICTION AND VENUE

3. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

1

5. This court has supplemental jurisdiction over the state claims alleged herein pursuant to 28 U.S.C. § 1367 it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

6. Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in Hilltop Lakes, Leon County, State of Texas.

8. Plaintiff is a consumer as that term is defined by the FDCPA and TDCA.

9. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and TDCA.

10. Defendants are debt collectors as that term is defined by the FDCPA and TDCA.

11. Within the last year, Defendants attempted to collect a consumer debt from Plaintiff.

12. F&M is a New York limited liability company and debt collection agency headquartered in the Town of Orchard Park, Erie County, State of New York.

13. Harris Hill is a New York business corporation, debt buyer, and debt collection agency headquartered in the Town of Cheektowaga, Erie County, State of New York.

14. Defendants are business entities engaged in the collection of debt within the State of Texas.

15. The principal purpose of Defendants' businesses is the collection of debts allegedly owed to third parties.

16. The principal purpose of Defendants' businesses is the collection of debts they purchased from third parties, using interstate commerce or the mails, and therefore are debt collectors.

17. Defendants regularly collect, or attempt to collect, debts allegedly owed to third parties.

18. During the course of their attempts to collect debts allegedly owed to third parties, Defendants send to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

19. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

20. F&M is attempting to collect a consumer debt from Plaintiff, which allegedly arises from an American Web Loan account, owned, at all times relevant hereto, by Harris Hill.

21. Plaintiff's alleged debt owed arises from transactions for personal, family, or household purposes.

22. In or around May 2019, F&M began placing collection calls to Plaintiff in an attempt to collect the alleged debt.

23. F&M calls Plaintiff on her cellular telephone at 281-753-5575 in an attempt to collect the alleged debt.

24. Despite F&M having already located Plaintiff, F&M calls and sends text messages to Plaintiff's brother at 979-220-8870, in an attempt to collect the alleged debt.

25. During the above-referenced collection calls, F&M's collector disclosed to Plaintiff's brother that Plaintiff allegedly owes a debt. Moreover, F&M's collector told Plaintiff's brother that Plaintiff had committed a crime for passing fraudulent checks across state lines and that F&M would stop Plaintiff from being able to sell her home.

26. Despite F&M having already located Plaintiff, F&M calls and sends text messages to

Plaintiff's mother and father at 281-381-6103, in an attempt to collect the alleged debt.

27. During the above-referenced collection calls, F&M's collectors disclosed to Plaintiff's mother and father that Plaintiff allegedly owes a debt.

28. On or about May 31, 2019, Plaintiff called F&M in response to the above-referenced harassment of Plaintiff's family members.

29. During the above-referenced call:

   a. F&M's collector represented that F&M was a law firm;

   b. F&M's collector claimed that Plaintiff had passed seven fraudulent checks and had thereby committed a federal offense;

   c. F&M's collector claimed that the alleged American Web Loan debt Plaintiff owed had a balance of over $3,000;

   d. F&M's collector claimed that Plaintiff would be haled into tribal court and would need to hire a tribal attorney, which would cost Plaintiff over $4,000;

   e. F&M's collector threatened that F&M would put a stop to Plaintiff selling her home; and

   f. As a result of the foregoing coercion, Plaintiff made a payment over the phone to F&M of $314—which was all of the money Plaintiff had in her bank account.

30. After Plaintiff regained her composure after the foregoing call with F&M's collector, Plaintiff called the original creditor, American Web Loan.

31. During the above-referenced call, a representative from American Web Loan informed Plaintiff that:

   a. The alleged debt that Plaintiff owed was only $1,090, which already included any fees and penalties; and

4

   b. American Web Loan no longer owned the debt, but sold it to Harris Hill in March 2019.

32. At all times relevant hereto, F&M was not a law firm.

33. At all times relevant hereto, none of F&M's debt collectors were attorneys.

34. F&M's above-referenced actions were calculated to embarrass, frighten, and coerce Plaintiff into payment of the alleged debt.

35. The natural consequences of F&M's collectors' actions were to unjustly condemn and vilify Plaintiff for her non-payment of the debt Plaintiff allegedly owed.

36. The natural consequences of F&M's collectors' actions were to produce an unpleasant and/or hostile situation between F&M and Plaintiff.

37. The natural consequences of F&M's collectors' actions were to cause Plaintiff mental distress.

**COUNT I:**
**F&M CAPITAL LLC VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

38. F&M violated the FDCPA based on the following:

   a. F&M violated § 1692b(2) of the FDCPA by disclosing to Plaintiff's family members that Plaintiff owes an alleged debt;

   b. F&M violated § 1692b(3) of the FDCPA by communicating with Plaintiff's family members more than once;

   c. F&M further violated § 1692b(3) of the FDCPA by communicating with Plaintiff's family even though F&M had already located Plaintiff;

   d. F&M violated § 1692c(b) of the FDCPA by communicating with Plaintiff's family members without the exceptions of §1692b being available to it;

   e. F&M violated § 1692d of the FDCPA by engaging in conduct that the natural

5

consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when F&M engaged in all of the foregoing misconduct;

f. F&M violated § 1692d(2) of the FDCPA by the use of language the natural consequence of which is to abuse the hearer when F&M erroneously accused Plaintiff of committing a federal crime;

g. F&M violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when F&M engaged in at least the following discrete violations of § 1692e;

h. F&M violated § 1692e(1) of the FDCPA by its false implication that the debt collector is vouched for, bonded by, or affiliated with the United States when F&M erroneously accused Plaintiff of committing a federal crime;

i. F&M violated § 1692e(3) of the FDCPA by its false representation or implication that any individual is an attorney or that any communication is from an attorney when F&M's collector falsely represented to Plaintiff that F&M was a law firm;

j. F&M violated § 1692e(4) of the FDCPA by its representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person when F&M erroneously accused Plaintiff of committing a federal crime;

k. F&M violated § 1692e(5) of the FDCPA by its threat to take any action that cannot legally be taken or that is not intended to be taken when F&M insinuated that it could pursue federal criminal charges against Plaintiff as well as sue Plaintiff in tribal court;

l. F&M violated § 1692e(7) of the FDCPA by its false representation or implication

      that the consumer committed any crime or other conduct in order to disgrace the consumer when F&M erroneously accused Plaintiff of committing a federal crime;

  m. F&M violated § 1692e(10) of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when F&M engaged in at least the foregoing discrete violations of § 1692e; and

  n. F&M violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when F&M engaged in all of the misconduct alleged herein.

WHEREFORE, Plaintiff, CHRISTINE SCHWINN, respectfully requests judgment be entered against F&M CAPITAL LLC, both jointly and severally, for the following:

  a. Actual damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

  b. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

  c. Costs and reasonable attorneys' pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

  d. Any other relief that this Honorable Court deems appropriate.

## COUNT II:
## F&M CAPITAL LLC VIOLATED THE TEXAS DEBT COLLECTION ACT

39. Plaintiff repeats and realleges paragraphs 1-37 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

40. F&M violated the TDCA based on the following:

  a. F&M violated Tex. Fin. Code § 392.301(2) by accusing falsely or threatening to accuse falsely a person of fraud or any other crime when F&M erroneously accused

      Plaintiff of committing a federal crime;

b. F&M violated Tex. Fin. Code § 392.301(5) by threatening that the debtor will be arrested for nonpayment of a consumer debt without proper court proceedings when F&M erroneously accused Plaintiff of committing a federal crime;

c. F&M violated Tex. Fin. Code § 392.301(6) by threatening to file a charge, complaint, or criminal action against a debtor when the debtor has not violated a criminal law when F&M erroneously accused Plaintiff of committing a federal crime;

d. F&M violated Tex. Fin. Code § 392.301(8) by threatening to take an action prohibited by law when F&M erroneously accused Plaintiff of committing a federal crime;

e. F&M violated Tex. Fin. Code § 392.302(1) by its use of language intended to abuse unreasonably the hearer or reader when F&M erroneously accused Plaintiff of committing a federal crime;

f. F&M violated Tex. Fin. Code § 392.302(1) by its use of language intended to abuse unreasonably the hearer or reader when F&M erroneously accused Plaintiff of committing a federal crime;

g. F&M violated Tex. Fin. Code § 392.303(2) by collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer when F&M attempted to collect an inflated amount as detailed above;

h. F&M violated Tex. Fin. Code § 392.304(8) by misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding;

    i. F&M violated Tex. Fin. Code § 392.304(9) by representing falsely that a debt collector is vouched for, bonded by, or affiliated with, or is an instrumentality, agent, or official of, this state or an agency of federal, state, or local government;

    j. F&M violated Tex. Fin. Code § 392.304(14) by representing falsely the status or nature of the services rendered by the debt collector or the debt collector's business;

    k. F&M violated Tex. Fin. Code § 392.304(17) by representing that a consumer debt is being collected by an attorney if it is not; and

    l. F&M violated Tex. Fin. Code § 392.304(19) using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer.

WHEREFORE, Plaintiff, CHRISTINE SCHWINN, respectfully requests judgment be entered against Defendant, F&M CAPITAL LLC, for the following:

    a. For actual and statutory damages as provided by Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d);

    b. For attorneys' fees, costs and disbursements;

    c. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1); and

    d. For any such other and further relief, as well as further costs, expenses and disbursements for this action, as this court may deem just and proper.

### COUNT III
### HARRIS HILL CONSULTINIG GROUP, INC. VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

41. Plaintiff repeats and re-alleges paragraphs 1-38 of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

42. As alleged above, Harris Hill is a debt collector as defined by the FDCPA.

43. Harris Hill engaged the services of fellow debt collector F&M to collect the alleged debt from

Plaintiff.

44. Harris Hill has the burden to monitor the activities of F&M.

45. F&M violated the FDCPA.

46. Harris Hill is vicariously liable for the unlawful collection activities carried out by F&M on its behalf.

WHEREFORE, Plaintiff, CHRISTINE SCHWINN, respectfully requests judgment be entered against Defendant, HARRIS HILL CONSULTING GROUP, INC., both jointly and severally, for the following:

a. Actual damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

b. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

c. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

d. Any other relief that this Honorable Court deems appropriate.

## COUNT IV
## HARRIS HILL CONSULTING GROUP, INC. VIOLATED THE TEXAS DEBT COLLECTION ACT

47. Plaintiff repeats and re-alleges paragraphs 1-37, and 41-46 of Plaintiff's Complaint as the allegations in Count IV of Plaintiff's Complaint.

48. As alleged above, Harris Hill is a debt collector as defined by the TDCA.

49. Harris Hill engaged the services of fellow debt collector F&M to collect the alleged debt from Plaintiff.

50. Harris Hill has the burden to monitor the activities of F&M.

51. F&M violated the TDCA.

52. Harris Hill is vicariously liable for the unlawful collection activities carried out by F&M on its behalf.

WHEREFORE, Plaintiff, CHRISTINE SCHWINN, respectfully requests judgment be entered against Defendant, HARRIS HILL CONSULTING GROUP, INC., both jointly and severally, for the following:

a. For actual and statutory damages as provided by Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d);

b. For attorneys' fees, costs and disbursements;

c. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1); and

d. For any such other and further relief, as well as further costs, expenses and disbursements for this action, as this court may deem just and proper.


DATED: May 26, 2020                    RESPECTFULLY SUBMITTED,

                                       By: /s/ Michael S. Agruss
                                           Michael S. Agruss
                                           IL State Bar #: 6281600
                                           Agruss Law Firm, LLC
                                           4809 N. Ravenswood Ave., Suite 419
                                           Chicago, IL 60640
                                           Tel: 312-224-4695
                                           Fax: 312-253-4451
                                           michael@agrusslawfirm.com
                                           Attorney for Plaintiff